UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICAH A NYE,

               Petitioner,

v.

JEFFREY A UTTECHT

               Respondent.

CASE NO. 3:19-cv-05398-RBL-DWC

REPORT AND RECOMMENDATION

Noting Date: August 23, 2019

     The District Court has referred this action to United States Magistrate Judge David W. Christel. Petitioner Micah A. Nye filed his federal habeas Petition ("Petition"), pursuant to 28 U.S.C. § 2254, seeking relief from his state court convictions and sentence. *See* Dkt. 6. The Court concludes Petitioner failed to properly exhaust his state court remedies as to all grounds raised in the Petition. Because Petitioner's time for pursuing state remedies has expired, Petitioner has procedurally defaulted on all his claims. Therefore, the Court recommends the Petition be dismissed with prejudice.

# BACKGROUND

Petitioner is in custody under a state court judgment and sentence imposed for his conviction by guilty plea for two counts of first-degree rape of a child. Dkt. 11, Exhibit 2. Petitioner was sentenced to an indeterminate life sentence with concurrent 160-month minimum terms. Dkt. 11, Exhibit 2, Exhibit 3. Petitioner did not file a direct appeal.

On November 21, 2018, Petitioner filed a *pro se* motion for relief from judgment with the Clark County Superior Court. Dkt. 11, Exhibit 4. Petitioner alleged three grounds for relief: (1) the trial court violated his Sixth Amendment right to retained counsel of his choice; (2) the Department of Corrections ("DOC") violated his right to due process to deliver the transcripts of the proceedings; and (3) the prosecutor used fraudulent and unreliable evidence to establish probable cause. Dkt. 11, Exhibit 4. Several weeks later, Petitioner filed a second motion for relief from judgment raising four additional grounds for relief: (1) his speedy trial rights were violated; (2) the arresting officers violated Petitioner's *Miranda* rights, Fifth Amendment right against self-incrimination, and Fourteenth Amendment right to due process; (3) his offender score was calculated incorrectly; and (4) the evidence supporting the charges was insufficient. Dkt. 11, Exhibit 5.

In two separate orders dated May 9 and 10, 2019, the superior court transferred Petitioner's motions for relief from judgment to the Washington Court of Appeals to be considered as a personal restraint petition ("PRP"). Dkt. 11, Exhibits 6 and 7. As of the date Respondent filed his Answer, Petitioner's PRP is pending in the Washington Court of Appeals under cause number 53550-5-II. Dkt. 11, Exhibit 8.

On May 6, 2019, Petitioner filed this Petition pursuant to § 2254. Dkt. 6.  Petitioner raises four grounds for relief all based on his claim he is unlawfully detained, and the State of

Washington does not have jurisdictional authority to decide federal matters. Dkt. 6. On June 18, 2019, Respondent filed an Answer, wherein he asserts Petitioner has not properly exhausted his available state court remedies. Dkt. 10. Respondent maintains the Petition should be dismissed with prejudice as unexhausted and procedurally barred.[1] Dkt. 10.  Petitioner filed a Traverse. Dkt. 12.

## DISCUSSION

Respondent maintains Petitioner failed to exhaust the grounds raised in the Petition and is procedurally barred from federal review. Dkt. 10.

1. *Exhaustion of State Remedies*

"[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971). Petitioner's claims will be considered exhausted only after "the state courts [have been afforded] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

A federal habeas petitioner must provide the state courts with a fair opportunity to correct alleged violations of federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985) (petitioner "fairly presented" the claim to the state supreme court even though the state court did not reach the argument on the merits). It is not

---

[1] Respondent does not address whether federal intervention with Petitioner's pending state criminal proceedings would be inappropriate under the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37 (1971). And the Court sees no reason to make a determination on the *Younger* abstention issue at this time, since the matter can be resolved without deciding the issue.

enough if all the facts necessary to support the federal claim were before the state courts or if a somewhat similar state law claim was made. *Duncan*, 513 U.S. at 365-66 (citing *Picard*, 404 U.S. at 275; *Anderson v. Harless*, 459 U.S. 4 (1982)). Petitioner must include reference to a specific federal constitutional guarantee, as well as a statement of the facts entitling Petitioner to relief. *Gray v. Netherland*, 518 U.S. 152, 162-163 (1996); *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005). Petitioner bears the burden of proving he has exhausted available state remedies and retains the burden to prove all facts relevant to the exhaustion requirement. *See Rose v. Lundy*, 455 U.S. 509, 520 (1982); 28 U.S.C. § 2254(b)(1)(A).

In the Petition, Petitioner raises four grounds for relief asserting he is unlawfully detained, and the State of Washington does not have jurisdictional authority to decide federal matters. Dkt. 6. In Grounds One and Four, Petitioner alleges a violation of the Fifth Amendment based on a lack of a grand jury indictment. Dkt. 6 at 5, 10. In Ground Two, Petitioner contends his rights under Article IV and VI of the Constitution have been violated, and his arrest, conviction, and imprisonment are illegal. Dkt. 6 at 7. In Ground Three, Petitioner contends he has not been convicted of his crimes and as a result, he has been "enslaved" and placed into involuntary servitude in violation of the Thirteenth Amendment. Dkt. 6 at 8. In Ground Four, in addition to his Fifth Amendment claim, Petitioner also alleges violations of the Fourteenth Amendment, and he has been deprived of life, liberty, and property. Dkt. 6 at 10.

Petitioner did not raise any of same grounds in the Petition as he raised in his PRP. Dkt. 11, Exhibits 4, 5, 6, and 7. Rather, in his PRP, Petitioner raised seven other grounds for relief challenging: (1) his Sixth Amendment right to counsel; (2) the DOC violated his due process rights by refusing to deliver transcripts of the proceedings; (3) the prosecutor used fraudulent and unreliable evidence; (4) his speedy trial rights were violated; (5) the arresting officers violated his *Miranda* rights, Fifth Amendment right against self-incrimination, and Fourteenth

Amendment right to due process; (6) his offender score was incorrectly calculated for sentencing; and (7) the evidence supporting his charges was insufficient. Dkt. 11, Exhibits 4, 5, 6, and 7.[2]

As Petitioner did not raise any of the four grounds in the instant Petition in his PRP, he did not give the state court a full and fair opportunity to determine if a federal constitutional violation occurred when he was convicted of rape. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004) ("To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim."); *Ortberg v. Moody*, 961 F.2d 135, 138 (9th Cir. 1992) (finding claims were unexhausted when they were not raised on every level of direct review).

In the Traverse, Petitioner contends it is not appropriate for him to exhaust his state remedies because the federal district court has original jurisdiction. Dkt. 12. The Court may consider an unexhausted federal habeas petition if it appears "there is an absence of available State corrective process . . . or circumstances exist which render such process ineffective to protect the rights of the applicant." 28 U.S.C. 2254(b)(1)(B). However, Petitioner has not shown there is an absence of available state corrective processes or circumstances exist rendering any state process

---

[2] Although Petitioner raises Fourteenth Amendment claims in both his Petition and his PRP, the claims in his Petition relate to his allegations pursuant to the Fifth Amendment that no bill of indictment has been brought against him, therefore all charges against him are "fraudulent and illegal." Dkt. 6 at 10. Petitioner's Fourteenth Amendment claim in his PRP is related to his allegedly unlawful arrest wherein he alleges the arresting officers interrogated him without counsel present. Dkt. 11, Exhibit 5. Thus, the claim alleged in the Petition is a separate constitutional claim from the different claim raised in Petitioner's PRP and their distinct nature precludes a finding that Petitioner fairly presented his Fourteenth Amendment claim to the state's highest court. *Compare* Dkt. 6 at 10 *with* Dkt. 11, Exhibit 5. *See Kelly v. Small,* 315 F.3d 1063, 1068 & n. 2 (9th Cir. 2003) (the petitioner's exhaustion of a claim that his trial counsel provided ineffective assistance by failing to object to the prosecutor's misconduct, conflict of interest, and personal animus did not constitute exhaustion of a claim that trial counsel provided ineffective assistance by failing to file a motion to recuse the prosecutor based upon such misconduct, conflict of interest, and personal animus, because although the grounds underlying these two claims "are nearly identical, they remain separate constitutional claims"); *Gray*, 518 U.S. at 162-163.

ineffective. Rather, Petitioner appears to disagree with the exhaustion requirement and the state court's jurisdictional authority. Accordingly, the Court finds Petitioner has not shown there are no state court remedies available to him. Therefore, the Court concludes all four grounds raised in the Petition were not properly exhausted.[3]

### 2. *Procedural Default*

Procedural default is distinct from exhaustion in the habeas context. *Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002). The procedural default rule bars consideration of a federal claim when it is clear the state court has been presented with the federal claim but declined to reach the issue for procedural reasons or it is clear the state court would hold the claim procedurally barred. *Id.* at 1230-31 (citations omitted). If a state procedural rule would now preclude the petitioner from raising his claim at the state level, the claim is considered "procedurally defaulted" and the federal courts are barred from reviewing the petition on the merits. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991); *O'Sullivan*, 526 U.S. at 845.

All four grounds raised in the Petition are procedurally defaulted because if Petitioner attempted to present these claims in a subsequent PRP, the state court would find the claims barred by Washington State law. Washington State imposes a one-year statute of limitations on filing a PRP or other post-conviction challenges. RCW § 10.73.090. Petitioner did not file a direct appeal and his conviction became final on January 19, 2018, the date it was filed with the superior court clerk. Dkt. 11, Exhibit 3. The time to file a petition or motion for post-conviction relief expired January 19, 2019, one year after Petitioner's conviction became final. *See* RCW

---

[3] In his pending PRP, Petitioner requests he be released from confinement. Dkt. 11, Exhibits 4, 5, 6, and 7. Although the PRP has not been finally resolved by the state court, if this is relief is granted, the instant Petition may be moot, which Petitioner does not dispute. *See* Dkt. 12.

10.73.090(1), (3)(b). As the one-year statute of limitations has passed, Petitioner is barred from filing a subsequent PRP. *See id*. at (1).

Further, under Washington State law, the state court of appeals will not consider a second or successive PRP unless the petitioner certifies he has not filed a previous petition on similar grounds and shows good cause as to why he did not raise the grounds in the previous PRP. *See* RCW 10.73.140. Petitioner has not presented facts which could show good cause for his failure to raise all four grounds raised in the Petition in his current PRP which is pending before the Washington Court of Appeals. Therefore, the Petition is also subject to an implied procedural bar because the claims would be "prohibited by an independent, adequate, and mandatory rule of state procedure, R.C.W. § 10.73.140, making a return to state court futile." *See Bolar v. Luna*, 2007 WL 1103933, at *11 (W.D. Wash. April 10, 2007).

As Petitioner would be precluded from asserting all four grounds raised in the Petition in the state court, these claims are procedurally defaulted in federal court. *See Coleman*, 501 U.S. at 731-32, 735 n.1; *Casey v. Moore*, 386 F.3d 896, 920 (9th Cir. 2004); *Eisermann v. Penarosa*, 33 F.Supp.2d 1269, 1274 (D. Haw. 1999) ("[I]f a petitioner has never raised his federal claim to the highest state court available and is now barred from doing so by a state procedural rule, exhaustion is satisfied because no state remedy remains available, but the petitioner has procedurally defaulted on his claim.").

However, procedural default will be excused and a petitioner will be entitled to federal habeas corpus review if he "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice[.]" *See Boyd v. Thompson*, 147 F.3d 1124, 1126 (9th Cir. 1998) (citing *Coleman*, 501 U.S. at 750). To establish "cause," a petitioner must show some objective factor external to the defense prevented him from complying with the state's

procedural rule. *Coleman*, 501 U.S. at 753 (citing *Murray v. Carrier,* 477 U.S. 478, 488 (1986)). To show "prejudice," a petitioner "must shoulder the burden of showing, not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original).

Only in an "extraordinary case" may the habeas court grant the writ without a showing of cause and prejudice to correct a "fundamental miscarriage of justice" where a constitutional violation has resulted in the conviction of a defendant who is actually innocent. *Murray,* 477 U.S. at 495–96. To demonstrate he suffered a fundamental miscarriage of justice, viewing all the evidence in light of new reliable evidence, the petitioner must show "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 537 (2006) (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

In his Traverse, Petitioner argues "there was no factual or substantial evidence. The only testimony was testimony (heresay) [sic], with no clearly specified dates as to the allegations." Dkt. 12 at 9. However, Petitioner fails to show how any alleged trial errors worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimensions, and thus has not shown prejudice. And although Petitioner contends "there is an absence of available state corrective process," Dkt. 12 at 17, Petitioner fails to show some objective factor external to his defense prevented him from complying with the State's procedural bar rule. Furthermore, Petitioner has not provided new, reliable evidence showing he is actually innocent. Therefore, this is not the kind of extraordinary instance where this Court should review the claim despite the absence of a showing of cause. Petitioner failed to show cause or prejudice to excuse his procedural default; therefore, the Court is barred from reviewing all four grounds raised in the Petition on the merits. Accordingly, the undersigned finds Petitioner is not entitled to relief as

to the grounds raised in his Petition and recommends the Petition dismissed with prejudice. *See Casey*, 386 F.3d 896.

## EVIDENTIARY HEARING

The decision to hold an evidentiary hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id.* at 474. In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court. *Cullen*, 563 U.S. at 181-82. A hearing is not required if the allegations would not entitle Petitioner to relief under §2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id*. The Court finds it is not necessary to hold an evidentiary hearing in this case because, as discussed in this Report and Recommendation, Petitioner's grounds may be resolved on the existing state court record.

## CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement

1  to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*,
2  529 U.S. 473, 484 (2000)).

3  No jurist of reason could disagree with this Court's evaluation of Petitioner's claims or
4  would conclude the issues presented in the Petition should proceed further. Therefore, the Court
5  concludes Petitioner is not entitled to a certificate of appealability with respect to this Petition.

## CONCLUSION

7  For the above stated reasons, the Court concludes all grounds raised in the Petition are
8  unexhausted and procedurally defaulted. The Court also finds an evidentiary hearing is not
9  necessary. Therefore, the Court recommends the Petition be dismissed with prejudice and a
10 certificate of appealability not be issued.

11 Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have
12 fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.
13 6. Failure to file objections will result in a waiver of those objections for purposes of de novo
14 review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit
15 imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on
16 August 23, 2019 as noted in the caption.

17 Dated this 1st day of August, 2019.

/s/ David W. Christel
David W. Christel
United States Magistrate Judge